UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:18-cv-245

| | | |
|---|---|---|
| **MARY CONLEY,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| **NANCY A. BERRYHILL, Acting Commissioner** | ) | |
| **of Social Security,** | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court upon Plaintiff's Motion for Summary Judgment (Doc. No. 9) and Commissioner's Motion for Summary Judgment (Doc. No. 11). Having carefully considered such motions and reviewed the pleadings, the court enters the following findings, conclusions, and Order.

**FINDINGS AND CONCLUSIONS**

**I.    Administrative History**

Plaintiff filed an application for Title II benefits on August 27, 2015, alleging a disability onset date of March 19, 2015. Plaintiff's claims were denied both initially and on reconsideration. Thereafter, Plaintiff requested and was granted a hearing before an administrative law judge ("ALJ"). After conducting a hearing, the ALJ issued a decision finding Plaintiff not disabled. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner of Social Security ("Commissioner"). Thereafter, Plaintiff timely filed this action, seeking judicial review of the ALJ's decision.

1

## II. Factual Background

In his decision, the ALJ first determined that Plaintiff has not engaged in substantial gainful activity since her alleged onset date (Tr. 40). At the second step, the ALJ concluded that Plaintiff has the following severe impairments: previous stroke on the left side with mild cognitive deficits, restless leg syndrome, and headaches. *Id.*

At the third step, the ALJ found that the Plaintiff did not have an impairment or combination of impairments that meet or medically equal the severity of one of the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1. (Tr. 42). The ALJ then found that Plaintiff has residual functional capacity (RFC) to perform the full range of light work. *Id.* As a result, the ALJ found in the fourth step that Plaintiff is capable of performing her past relevant work as a deli clerk. (Tr. 46). Accordingly, the ALJ found that Plaintiff is not disabled under the Act.

## III. Standard of Review

The only issues on review are whether the Commissioner applied the correct legal standards and whether the Commissioner's decision is supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Review by a federal court is not *de novo*, *Smith v. Schwieker*, 795 F.2d 343, 345 (4th Cir. 1986); rather, inquiry is limited to whether there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Richardson*, 402 U.S. at 400. Even if the undersigned were to find that a preponderance of the evidence weighed against the Commissioner's decision, the Commissioner's decision would have to be affirmed if supported by substantial evidence. *Hays*, 907 F.2d at 1456.

**IV.    Discussion**

Plaintiff raises five challenges to the ALJ's decision: (1) that the SSA erred by failing to evaluate and accord substantial weight to a favorable Medicaid decision as required by *Woods v. Berryhill*, 888 F.3d 686 (4th Cir. 2018); (2) that the SSA erred by failing to evaluate and assign weight to the medical opinion of Dr. Bertron Haywood; (3) that the Plaintiff's past work was improperly classified in the ALJ's decision; (4) that the ALJ erred by failing to explain why no mental limitations were placed in the RFC; and (5) that the ALJ's appointment did not comply with the Appointments Clause at the time of his decision.

Shortly before Plaintiff applied for SSA disability benefits, she applied for Medicaid. On July 17, 2015, her application was approved. Plaintiff was found to be under a disability since March of 2015 due to cerebral degeneration via SSA grid rule 202.07. The case analysis underlying the decision discussed her white matter disease with moderate chronic microvascular changes, her episodes of weakness and numbness, cognitive slowing and memory issues and abnormal gait and impaired balance on exam. She was found to be limited to a reduced range of light work with avoidance of heights and hazards, occasional balancing and occasional climbing. Her past relevant work was classified as a medium cook/deli clerk position and two composite jobs of cashier/checker and salesperson/master grill operator which both had higher exertion levels of medium. Disability Determination Services ("DDS") concluded that her skills were not transferable from these medium jobs to a light or lower level of exertion; therefore, she was disabled pursuant to grid rule 202.07.

The ALJ did not consider this decision at all. Even though it was in the possession of DDS, SSA did not place it in the file before the ALJ. With her request for review from the Appeals Council ("AC"), Plaintiff brought the Medicaid decision to SSA's attention, but the AC

did not accord the decision substantial weight. Neither did the AC remand the claim to the ALJ for evaluation of this evidence, instead only stating without explanation that it would not have "change[d] the outcome of this decision. We did not consider and exhibit this evidence."

In *Woods*, the Fourth Circuit considered the SSA's duty to evaluate Medicaid decisions, holding that:

> NCDHHS and Social Security disability insurance benefits "serve the same governmental purpose of providing benefits to persons unable to work because of a serious disability." *Id.* (describing purpose of Social Security disability insurance benefits); *see* NCDHHS, Aged, Blind, and Disabled Medicaid Manual § 200 (2008) (defining "Medicaid" as "A program to assist eligible ... disabled [individuals] ... with the cost of medical care"). Moreover, NCDHHS defines "Medicaid to the Disabled" as a "program of medical assistance for individuals under age 65 *who meet Social Security's definition of disability*." *Id*. (emphasis added); *see also id*. § 2525. As a result, a "person who receives Social Security based on disability meets the disability requirement for Medicaid," although he or she must still "apply for Medicaid and must meet all other eligibility requirements." Id. § 2525. **"Because the purpose and evaluation methodology of both programs are closely related, .... in making a disability determination, the SSA must give substantial weight to"** an NCDHHS disability decision. *Bird*, 699 F.3d at 343.
>
> Of course, an ALJ may deviate from this default rule and accord an NCDHHS disability decision less than "substantial weight" if "the record before the ALJ clearly demonstrates that such a deviation is appropriate." *Id*. We have not previously defined what an ALJ must do to satisfy this standard. **We now conclude, consistent with our sister circuits, that in order to demonstrate that it is "appropriate" to accord less than "substantial weight" to an NCDHHS disability decision, an ALJ must give "persuasive, specific, valid reasons for doing so that are supported by the record."** *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002) (describing standard for VA decisions); *Chambliss v. Massanari*, 269 F.3d 520, 522 (5th Cir. 2001) (per curiam) (explaining that ALJs need not give great weight to VA disability determinations "if they adequately explain the valid reasons for not doing so").
>
> For example, an ALJ could explain which aspects of the prior agency decision he finds not credible and why, describe why he finds other evidence more credible, and discuss the effect of any new evidence made available after NCDHHS issued its decision. This list is not exclusive, but the point of this requirement—and of these examples—is that the ALJ must adequately explain his reasoning; otherwise, we cannot engage in a meaningful review. *See Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013) (explaining that because we review an ALJ's factual findings for substantial evidence, an ALJ's decision must generally "include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence").

*Woods*, 888 F.3d at 692-93 (emphasis added).

Defendant argues that the Medicaid decision was not before the ALJ and thus he was under no duty to consider it pursuant to *Woods*. The Court disagrees. The AC should have remanded the claim to the ALJ for evaluation of the Medicaid decision.

Based upon the foregoing, the Court finds that the decision of the ALJ is not supported by substantial evidence. Plaintiff's Motion for Summary Judgment will be granted, the Commissioner's Motion for Summary Judgment will be denied, and the decision of the Commissioner will be vacated and remanded for a new hearing and decision not inconsistent with this Order.

**IT IS THEREFORE ORDERED** that

(1) Plaintiff's Motion for Summary Judgment is **GRANTED**, and the Commissioner's Motion for Summary Judgment is **DENIED**;

(2) The decision of the Commissioner, denying the relief sought by Plaintiff, is **VACATED** and this action is **REMANDED** to the Commissioner for a new hearing and decision not inconsistent with this Order; and

(3) This action is **DISMISSED**.

Signed: April 24, 2019

Graham C. Mullen
United States District Judge